# Exhibit A



LAWRENCE A. KELLOGG, P.A.
EMAIL: LAK@LKLSG.com
DIRECT LINE: 305.403.8791

December 9, 2020

*Sent via Federal Express Delivery (Tracking No. 772304792778)*
*and via Electronic Mail to fweiss@weissiplaw.com*

Farley I. Weiss
Weiss & Moy, P.C.
4455 E. Camelback Rd., Suite E261.
Phoenix, Arizona 85018

Dear Mr. Weiss:

    This law firm and the Bryn Law Group represent Levinson Management Group, LLC (the "Company"), in connection with its intellectual property and unfair competition matters. The Company and its affiliates are currently developing an online platform for content creators to share premium clips with their fans under the name "PEACH" and through the domain name Peach.com, which the Company has procured at great expense. The Company has applied for federal protection with the U.S. Patent and Trademark Office ("PTO") for its PEACH mark, specifically: Serial Nos. 90/138,468; 90/138,509; and 90/138,529 for the mark PEACH, which have a filing date of August 26, 2020 (collectively, the "Company's Applications"). Since filing the Company's Applications, the Company and its affiliates have expended significant resources in developing its Peach.com platform.

    It has come to our attention that your client, Peachly, LLC ("Peachly"), has begun promoting a near identical service to the Peach.com platform through websites located at Peachly.com and JoinPeachly.com. We also note that you have filed two trademark applications with the PTO on behalf of Peachly for the marks PEACHLY and PEACHLY & Design (collectively, the "PEACHLY Marks") on November 13, 2020. The Company's earlier filing date for the Company's Applications gives it clear priority and will ultimately – once registered – result in the Company having superior rights to Peachly, regardless of any use that Peachly may attempt to make of the Peachly Marks in the meantime.

    The Company is justifiably concerned that the promotion of Peachly's competing platform, using the PEACHLY Marks, will lead to substantial consumer confusion as to the source, affiliation, and/or sponsorship of Peachly with those of the Company and its affiliates. Even now, Peachly is already damaging the Company's interests in the Peach.com platform. Accordingly, if any activities promoting or operating the Peachly.com website continue, when the Company's Applications claiming the mark PEACH issue as registered trademarks, the Company will pursue legal action seeking treble damages and attorneys' fees for Peachly's

Peachly, LLC
December 9, 2020
Page 2 of 2

conduct following your receipt of this letter. In order to avoid such claims, the Company insists that Peachly immediately take the following actions, at a minimum:

1. Withdraw or expressly abandon all trademark applications seeking to register the mark "PEACHLY," including U.S. Application Serial Nos. 90/318,631 and 90/318,667;

2. Cease and desist from using the mark "PEACHLY" (or any confusingly similar variation of the Company's PEACH mark) as a service mark, trade name, trademark, business name, corporate name, fictitious name, domain name, web page title, title tag, meta tag, advertising keyword, description, or in any manner whatsoever in connection with the purchase, sale, offering for sale, service, advertising, publicizing, or identifying services that are similar to, related to, or complementary to, our client's PEAH mark;

3. Remove/withdraw and destroy all printed materials, advertisements, web pages, social media pages and other items bearing the mark "PEACHLY" (or any confusingly similar variation of the Company's PEACH mark); and

4. Effectuate the transfer to the Company of the domain names peachly.com and joinpeachly.com, and any other domains that are confusingly similar to the Company's PEACH mark.

Should you wish to discuss coordinating transfer of the peachly.com and joinpeachly.com domain names, or any other matter raised in this correspondence, please feel free to contact the undersigned, using the contact information presented in our firm's letter head above, or Mark Bryn and Jason Fischer of the Bryn Law Group by email (mark@brynlaw.com, jason@brynlaw.com) or by phone (305-374-0501).

This letter is not intended to be a complete statement of facts and is written without prejudice to any of the Company's rights or remedies, all of which are expressly reserved.

What further action to be taken will depend upon the nature of your reply which we expect within 7 days from the date hereof, i.e., **on or before December 15, 2020**.

Yours very truly,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

 */s/ Lawrence A. Kellogg*
Lawrence A. Kellogg, P.A.


Cc:   Mark Bryn
      Jason Fischer
      Bryn Law Group