**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| PEACH.COM, LLC, a Delaware limited liability company; and LEVINSON MANAGEMENT GROUP LLC, a Florida limited liability company,<br><br>                Plaintiffs,<br><br>v.<br><br>PEACHLY, LLC, a Nevada limited liability company; and KERIM ERAVCI, an individual,<br><br>                Defendants. | Case No. 1:21-cv-20636-DPG<br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

      Defendants, Peachly, LLC and Kerim Eravci move this Court to dismiss the complaint for lack of personal jurisdiction. Defendants have no contacts with Florida whatsoever, minimal or otherwise. Additionally, the defendants did not direct any conduct toward Florida, thus the claims could not arise out of forum-related contacts. Because the exercise of jurisdiction over defendants by this Court would simply be unreasonable, Defendants request the Court dismiss the complaint for lack of personal jurisdiction over them.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BRIEF BACKGROUND FACTS**

      Defendant Kerim Eravci is a citizen of the State of Arizona, where he has lived for the past 14+ years. Declaration of Kerim Eravci attached hereto as Exhibit A and incorporated herein by reference (hereinafter "Eravci Dec.") ¶ 3. He has never lived in Florida and he owns no property in Florida. Eravci Dec., ¶ 3. Mr. Eravci is the sole member of Defendant, Peachly, LLC ("Peachly"), which is a Nevada limited liability company. Eravci Dec., ¶¶ 2, 4.

Peachly operates from the State of Arizona and all of its agents and assets are located in Arizona. Eravci Dec., ¶ 13.  Peachly is not authorized to do business in Florida. Eravci Dec., ¶ 14.  It has no agent for service of process in Florida. Eravci Dec., ¶ 15.  It owns no real or personal property in the State of Florida and it has no offices in the State of Florida. Eravci Dec., ¶ 16.  Peachly has no bank accounts or employees in Florida. Eravci Dec., ¶ 17.  Peachly does not have a mailing address, post office box, or telephone line in Florida. Eravci Dec., ¶ 18.  It has never filed tax returns in the State, and it pays no Florida income or property taxes. Eravci Dec., ¶ 19.  Peachly stores no data in Florida, and neither owns nor leases equipment in Florida. Eravci Dec., ¶ 20.

Peachly simply does not conduct any business in Florida. Eravci Dec., ¶ 21.  Further, the Peachly platform is still in a live beta-testing phase and has not made any money. Eravci Dec., ¶ 6.  Peachly has no developers or beta testers in the State of Florida. Eravci Dec., ¶ 27.  It has entered no contracts in, or to be performed in, the state. Eravci Dec., ¶ 21.  Neither Mr. Eravci nor anyone else on Peachly's behalf have traveled to Florida to conduct any business related to Peachly. Eravci Dec., ¶ 22.  Peachly has not targeted Florida residents with any of its marketing. Eravci Dec., ¶ 23.  Peachly has derived no income from Florida residents. Eravci Dec., ¶ 24.

That Plaintiffs and Defendants apparently developed online platforms simultaneously using variations of the term "peach" was purely coincidental.  Prior to receiving Plaintiffs' demand letter dated December 9, 2020, Mr. Eravci had never heard of Plaintiffs and had no reason to know they were operating an online platform using a peach-related term, much less that they were doing so from the State of Florida. Eravci Dec., ¶ 8.  Notably, Mr. Eravci acquired the domain name <peachly.com> on July 18, 2020 (Eravci Dec., ¶ 9 and Exhibit A), which is at least one (1) month before the Plaintiffs selected the PEACH mark in "mid-to-late August 2020" and almost two (2) months before Plaintiffs purchsed <peach.com> "on September 4, 2020." Complaint ¶¶ 11-12.  Moreover, the respective platforms do not appear to compete or even be related in any way.  Plaintiffs allege that their platform is for crowdfunding (Complaint ¶ 3) while Defendants'

platform is a site for artists, entertainers, and influencers to create, host, and market content as well as engage directly with fans. Eravci Dec. ¶ 5.

Plaintiffs' jurisdictional allegations are simply false. Complaint ¶ 7. Defendants have not advertised, marketed, or promoted their platform within this District; Defendants' platform does not "operate to attract potential content creators" within this District and Defendants have not used the PEACHLY mark to attract potential users located in this District. *See generally,* Eravci Dec.

## II. THE COURT SHOULD DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION.

"A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1328 (S.D. Fla. 2001) (quoting *Jet Charter Service, Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)). The plaintiff bears the initial burden of alleging sufficient facts to demonstrate a *prima facie* case of jurisdiction over the nonresident defendant. *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1238 (S.D. Fla. 2015) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). If the plaintiff sufficiently states a *prima facie* case, the defendant then has the burden to contradict those jurisdictional allegations by affidavits or other evidence. *Id.* (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214–15 (11th Cir. 1999). After Defendant contradicts plaintiff's jurisdictional allegations, the burden shifts back to the plaintiff to come forward with competent evidence "to prove—not merely allege—jurisdiction by affidavits, testimony, or other documents." *Id.* The courts must accept as true the facts asserted by plaintiffs unless such facts are controverted by the defendant. M*iami Breakers Soccer Club*, 140 F. Supp. 2d at 1328 (citing *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997)).

When evaluating a Rule 12(b)(2) motion to dismiss, courts in this District first determine whether personal jurisdiction exists under Florida's long-arm statute; and, if it does, courts then evaluate whether exercising personal jurisdiction would violate due process. *Id.* at 1237 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013)). Florida's long-

arm statute "must be strictly construed." *Id*. at 1238 (citing *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996)). The statute provides for both general and specific jurisdiction. *Id*. (citing Fla. Stat. § 48.193). Both are lacking here.

### A. Defendants are not subject to general jurisdiction.

Florida's long-arm statute ascribes general jurisdiction as follows:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2).

"Florida courts have held this 'substantial and not isolated activity' requirement to mean, and subsume, the 'continuous and systematic general business contacts' standard sufficient to satisfy the due process requirement of minimum contacts for general jurisdiction[.]" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1275 n. 16 (11th Cir. 2009) (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868 (1984)). Accordingly, "if the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied." *Id*. (quoting *Woods v. Nova Companies Belize Ltd.*, 739 So.2d 617, 620 (Fla. Dist. Ct. App. 1999)).

The U.S. Supreme Court has held that to establish general jurisdiction, the plaintiff must demonstrate that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138, 134 S. Ct. 746, 761 (2014) (alteration in original) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011)). The Court noted that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n.20, 134 S. Ct. 746, 762. Thus, corporate entities are typically only subject to general jurisdiction in their state of incorporation and their principal place of business. *Goodyear Dunlop Tires Ops., S.A.*, 564 U.S. at 924.

The Defendants cannot reasonably be said to be "at home" in Florida. Defendants have no contacts with Florida whatsoever, much less "substantial and not isolated" or "continuous and

systematic" contacts. Mr. Eravci is a citizen of Arizona; Peachly, LLC is a citizen of Nevada. As indicated above, Defendants have no offices, assets, bank accounts, employees, agents, mailing addresses, post office boxes, or phone numbers in Florida. They have never filed tax returns in the state, and they do not pay Florida income or property taxes. They have entered no contracts in the state and have entered no contracts to be performed services in the state. They have derived no income from Florida residents. In short, Defendants have not engaged in any activity in Florida, so they cannot have "engaged in substantial and not isolated activity" in Florida. The facts establish that Defendants are not "at home" in Florida. Thus, general jurisdiction is lacking.

For these reasons, the Court should dismiss the complaint and decline to exercise personal jurisdiction over these Defendants.

### B. Defendants are not subject to specific jurisdiction.

Under specific jurisdiction, a nonresident defendant may be required to answer for a particular claim where its activities giving rise to the claim establish sufficient minimum contacts with the forum to justify haling the party into court there. *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

While not expressly stated, based on the jurisdictional allegations in the Complaint, Defendants appear to rely on the following provision of Florida's long-arm statute for specific jurisdiction: Personal jurisdiction is proper when the claims arise from the defendant or its agent:

> [c]ausing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> a. The defendant was engaged in solicitation or service activities within this state; or
>
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(6).

Initially, Defendants do not produce or sell goods, so Fla. Stat. § 48.193(6)(b) does not apply and there is no need to analyze this provision. And, as indicated above, Defendants have

5

not directed advertisements to Florida residents. Moreover, having no actual customers yet (other than beta testers), Defendants have not provided services to Florida residents. Thus, Defendants have not "engaged in solicitation or service activities within this state" as required under Fla. Stat. § 48.193(6)(a).

The Eleventh Circuit has also articulated that specific personal jurisdiction requires "fair warning" to a defendant that a particular activity will subject it to jurisdiction in the foreign forum. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985)). The "fair warning" requirement is satisfied if the defendant "purposefully directs" its activities toward the forum, the claims arise out of those forum-related contacts, and the defendant reasonably anticipates being subject to jurisdiction in the State of Florida. *Id*.

Here, Defendants have not purposefully directed any activities toward Florida. It has not advertised to Florida residents. It has not entered contracts with Florida residents. There are no registered users of the Peachly platform within the State of Florida. Defendants have made no income from Florida residents. Defendants' websites are accessible in the State of Florida to the same extent they are accessible anywhere in the world. Activity cannot be "purposefully directed" toward Florida if the basis for such conclusion applies equally to every other State in the U.S., and, indeed, to every other country in the world. *Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) (mere world-wide accessibility of the defendant's websites in the absence of any actual interaction with the State of Florida will not support a finding of jurisdiction); *Vision Media TV Group, LLC v. Forte*, 724 F. Supp. 2d 1260, 1266 (S.D. Fla. 2010) ("[T]here is no record evidence showing that the website at issue targeted Florida or that Defendants acted to aim their conduct at a Florida audience."); *Volt, LLC v. Volt Lighting Group LLC*, 369 F. Supp. 3d 1241, 1248 (M.D. Fla. 2019) (The accessibility of a nonresident defendant's website in a forum, by itself, is not enough to procure jurisdiction over the nonresident defendant). Accordingly, the claims cannot arise out of forum-related activities.

Moreover, Defendants would not reasonably anticipate being haled into court in Florida. In 2014, the U.S. Supreme Court made it clear that personal jurisdiction cannot be based solely on injury to the plaintiff in the forum state: "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 517 U.S. 277, 285, 134 S. Ct. 1115, 1122 (2014) (citations omitted). The only connection in this case to the State of Florida is the fact that Plaintiffs reside there and claim to have incurred an injury there.[1] Notably, Plaintiff Peach.com, LLC is a Delaware limited liability company (as indicated in the caption of the Complaint), despite allegations that it is organized "under the laws of the State of Florida." *See* Complaint ¶ 1. Moreover, as of the date of this Motion, Peach.com, LLC does not appear to be registered to do business in Florida.

Defendants did not, and could not, have had knowledge of Plaintiffs or their operations in Florida, when Defendants registered one of the complained-of domain names before Plaintiffs even conceived of using the PEACH name. The contacts here are simply not sufficient to exercise jurisdiction over a nonresident who had no reason to anticipate being haled into court in this District. For these reasons, the Court should dismiss the complaint.

### C. The exercise of personal jurisdiction would not be reasonable.

When evaluating whether personal jurisdiction would be reasonable, courts in the Eleventh Circuit consider (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the efficient resolution of the matter, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See Future Tech. Today, Inc.*, 218 F.3d at 1251.

---

[1] Notably, Plaintiff Peach.com, LLC is a Delaware limited liability company (as indicated in the caption of the Complaint), despite allegations that it is organized "under the laws of the State of Florida." See Complaint ¶ 1. Moreover, as of the date of this Motion, Defendants have found no evidence that Peach.com, LLC has registered to do business in Florida.

The burden on Defendants would be high. Defendants operate in Arizona. Defendant Peachly, LLC is a small, single-member LLC. The platform is still in the beta-testing phase and has made no money to date. Defendants have no contacts with Florida. They make no money from Florida residents. Forcing Defendants to defend on the other side of the country would be especially biting here, where Defendants had never even heard of Plaintiffs and had no reason to know of their location in Florida prior to receiving their demand letter.

The forum's interest in adjudicating the dispute is not particularly compelling. Considering the negligible/nonexistent contacts with Florida, Florida's interest in the issue is quite limited. While the District certainly has a general interest in ensuring its residents obtain justice, Defendants have no registered users in the State of Florida and make no money from Florida residents. Defendants' websites are equally accessible to anyone in the world with internet access. So, Florida's interests are no more implicated here than any other State. As the primary purpose of trademark law is to avoid consumer confusion, the fact that Defendants do not conduct any business in the State or with the State's residents suggests the forum's interest in this particular dispute does not support the exercise of jurisdiction.

While it would certainly be more convenient for Plaintiffs, an established company, to obtain relief in Florida, this convenience is far outweighed by the substantial burden on Defendants to litigate in this District. The efficient resolution of this matter does not appear to favor any particular forum, as much of the evidence is online and the witnesses are likely equally distributed between Defendants' and Plaintiffs' domicile.

Finally, the shared interest in furthering fundamental social policies favors dismissal. It cannot possibly comport with due process to force anyone who posts a website online to defend a lawsuit anywhere in the country. Such an exercise of personal jurisdiction would effectively overturn and disregard the due process requirements of the personal jurisdiction jurisprudence analyzed above. Defendants simply have not directed any activities or conduct toward the State of Florida, nor engaged in any activities in Florida. For all of the above reasons, this Court cannot exercise personal jurisdiction over the Defendants and should dismiss the complaint.

Because Defendants have not contacts with the State of Florida the exercise of jurisdiction would be unreasonable and the Court should dismiss the Complaint.

Dated:  March 26, 2021

Respectfully submitted,

**MARK STEIN LAW**

By: /s/Mark E. Stein
Florida Bar No. 818666
2999 N.E. 191st Street, Suite 330
Aventura, Florida 33180
mark@marksteinlaw.com
*Counsel for Peachly, LLC and Kerim Eravci*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notice of Electronic Filing Generated by CM/ECF.

By:  /s/Mark E. Stein

### SERVICE LIST

Robert Thornburg
rthornburg@allendyer.com
Stephanie Vazquez
svazquez@allendyer.com
Melissa Dangond
mdangond@allendyer.com
ALLEN, DYER, DOPPELT & GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone: (305) 374-8303
Facsimile: (305) 374-8306
*Counsel for Plaintiffs Peach.com LLC and Levinson Management Group LLC*