# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PEACH.COM, LLC, a Delaware limited liability company; and LEVINSON MANAGEMENT GROUP LLC, a Florida limited liability company,<br><br>        Plaintiffs,<br><br>v.<br><br>PEACHLY, LLC, a Nevada limited liability company; and KERIM ERAVCI, an individual,<br><br>        Defendants. | Case No. 1:21-cv-20636-DPG<br><br>**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND STAY OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (D.E. 10) PENDING JURISDICTIONAL DISCOVERY** |

Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery should be denied. The only evidence before the Court is that Defendants have no contacts with Florida whatsoever. Defendants seek to force Arizona-based Peachly to respond to broad, far-reaching discovery in a distant forum where it has not had a single customer, has not targeted with its marketing, and has made no revenue. There is no reasonable basis to allow jurisdictional discovery. Therefore, Plaintiffs' Motion should be denied and the briefing on Defendants' Motion to Dismiss should move forward without delay.

## I.     Prefatory Statement

Despite the fact Defendants plainly have no contacts with Florida whatsoever, Plaintiffs strain to portray Defendants' Motion to Dismiss as evasively drafted to cover up actual contacts with Florida. (DE 16, pp. 2, 3) (referencing "the lawyerly drafted declaration . . . in which he declares in largely conclusory terms that Peachly conducts no

business in Florida, has derived no income from Florida residents, and has not targeted Florida residents with any marketing"; and "[w]ithout providing any supporting evidence to the contrary, Defendants' Dismissal Motion, nakedly attacks Plaintiffs' jurisdictional allegations"). Of course, because proving a negative, like Defendants do not advertise in Florida or target Florida residents is not the type of fact susceptible to documentary evidence, its purported absence is not surprising.

Plaintiffs mischaracterize assertions in Defendants' declaration—suggesting reference to "Peachly" (the entity) is only a reference to <peachly.com> (the website)—to claim Defendants "failed to address" certain matters: "Tellingly, . . . the declaration avoids addressing whether either of the *Peachly Solicitation Websites* . . . have ever solicited anyone from Florida (and/or whether any banner advertising, pay-per-click and/or any related online marketing has yielded interest from Florida content creators. (*See id.*, p. 3) (emphasis added). Of course, those facts are contemplated in Defendants' Declaration because Peachly (the entity) owns the websites and "Peachly has not targeted Florida residents with any marketing" and "Peachly has derived no income from Florida residents." (DE 10-1 ¶¶ 23–24).

Plaintiffs suggest Defendants' Declaration "is completely silent as to whether any on-line advertising, banner advertising, via third-party websites, and/or pay per click advertising has resulted in inquiries from Florida [and, t]hus, Defendants' Dismissal Motion (and its supporting Eravci Declaration) fail to address Plaintiffs' jurisdictional basis as pled." (DE 16, p. 4). But this assertion only further mischaracterizes Defendants' Declaration. In fact, Peachly is only in its *beta-testing* phase, it has earned no revenue to date (from Florida or anywhere), and none of its developers or beta testers are in Florida. (DE 10-1 ¶¶ 7, 26–27). There simply is no basis for Plaintiffs' claim that Defendants are secretly courting Florida residents. And, of course, if Defendants had truly "fail[ed] to address Plaintiffs' jurisdictional basis as pled," Plaintiffs would have no problem demonstrating personal jurisdiction without any discovery in response to the Motion to

Dismiss, since Plaintiffs are entitled to the presumption of truth of their unchallenged allegations.

Plaintiffs next assert that, "[t]ellingly, Defendants' Dismissal Motion (and supporting declaration) fails to address to the overall number (and related percentage) of their content creators hailing from Florida which may be gleaned from that data [collected by Defendants]." (DE 16, pp. 11–20). But, again, Defendants are only in beta testing, and Defendants demonstrated that none of its beta testers (or developers) are from Florida. (DE 10-1 ¶¶ 7, 26–27). Again, it is only by ignoring and distorting Defendants' evidence that Plaintiffs can assert arguments in favor of jurisdictional discovery.

Plaintiffs then suggest Defendants are lying about making money by parading a number of testimonials about *users* making money on the PEACHLY platform. But whether a user makes money on the platform does not conflict with Defendants' declaration that it has made no money on the platform. Again, the platform is still in the beta-testing phase. Plaintiffs' efforts to attribute devious intent are simply unfounded.

The reality is Plaintiffs have no basis for asserting personal jurisdiction over Defendants. This is precisely why Plaintiffs have chosen to press for discovery rather than respond to the Motion to Dismiss. Plaintiffs' Motion for Jurisdictional Discovery does not reasonably raise the prospect that discovery will yield helpful information beyond mere speculation. It flies in the face of the Due Process Clause that anyone could file a lawsuit against a nonresident—without any jurisdictional basis whatsoever—and force the nonresident to incur the expense of discovery (particularly the exceptionally broad discovery sought by Plaintiffs) to *further* substantiate the fact it has no contacts with the State.

Since Defendants have definitively demonstrated that they began working with the PEACHLY name *before* Plaintiffs claim to have selected the PEACH name and acquired the <peach.com> domain name (DE 10, p. 2; DE 10-1 ¶ 9, Exhibit A), Plaintiffs' objective in seeking to impose unnecessary costs on an apparent competitor with fewer resources is

abundantly clear. The excessively broad scope of their discovery requests, which goes well beyond personal jurisdiction, only makes this objective more clear.

Accordingly, Plaintiffs' Motion should be denied and briefing on the Motion to Dismiss should move forward without delay.

## II.        Plaintiffs Never Made a Prima Facie Showing

Before even considering Peachly's evidence and whether Peach.com, LLC and Levinson have raised a genuine dispute that would justify discovery, the Court must first find that the complaint pled sufficient facts to make out a *prima facie* case that either Defendant committed an act within the state of Florida out of which these claims arise. *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 947 (11th Cir. 2018). In the online defamation context, the Eleventh Circuit held that, "A party asserting jurisdiction in Florida over a nonresident defendant for a defamation claim must make a *prima facie* showing that the purported defamatory statements were not merely accessible to, but also '<u>accessed by a third party in Florida</u>.'" *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 947 (11th Cir. 2018) (emphasis added). Trademark infringement, like defamation, is considered a tort and the allegation that the use of the purportedly infringing mark was accessible to a third party in Florida is not enough. To make a *prima facie* showing, Peach.com, LLC and Levinson must allege that the websites were accessed by a third party in Florida. The Complaint utterly fails in this regard.

Plaintiffs may argue that under *Louis Vuitton,* it is sufficient that they plead that the Peachly websites are accessible in Florida and attract potential content creators who may be in Florida. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013).  Despite some broad language in the *Louis Vuitton* case that may, at first blush, appears to support that alleging accessibility of a website in a forum is enough, the Eleventh Circuit clarified in the *Louis Vuitton* opinion that the operable allegation there was that the trademark infringement caused injury in Florida—and later clarified in *Catalyst*

4

*Pharmaceuticals*, that "were we to extend these rulings on trademark infringement to say that mere accessibility is enough to establish a *prima facie* case that defamation "occurred within" Florida . . . we would be at odds with the Florida Supreme Court's holding…" 748 F. App'x. at 947–48 (11th Cir. 2018).

Here, the allegations of the complaint are that Peachly is too similar to, and thus, an infringement as to Peach.com, LLC, a Delaware limited liability company that is *not* registered to do business in Florida. (DE10, p. 7 n.1). Levinson, a Florida entity, has added itself as a plaintiff in this case, presumably to manufacture jurisdiction, but Levinson is only alleged to be the manager of Peach.com, LLC, not the operator of the supposedly injured platform. Thus, the complaint fails to properly allege that jurisdiction is appropriate in Florida and rather, merely asserts vague and conclusory allegations that cannot satisfy Plaintiffs' burden. *See Catalyst Pharms.* at 946.

### III.    There Is No Genuine Dispute That Would Justify Subjecting Defendant Kerim Eravci to Discovery.

There are two different defendants in this matter, and each should be considered separately. In 111 pages of rhetoric, argument, and attachments, Peach.com, LLC and Levinson put forth no argument, no evidence, and not even an inference that an Arizona citizen who has never lived in Florida, owns no property in Florida, and has no contacts in Florida should have to respond to any discovery in a Florida case. Without providing even an inference that Mr. Eravci has any contact with Florida, Peach.com, LLC and Levinson seek to force him to respond to seven interrogatories (over 20 with subparts), fifteen requests for production of documents (over 50 with subparts) and three hours of deposition. Despite claiming the discovery to be "focused," Peach.com, LLC is asking this Court to order Arizona-resident Mr. Eravci to provide virtually every document in the possession of Peachly, LLC. For example, the first request for production is for "Any internal documents and communications regarding marketing, advertising and/or promotion of the Peachly App, the Peachly Website, the My Peachly School, the Peachly Solicitation

Websites and/or Peachly Social Media…"  In what appears to be a weak attempt to make this incredibly broad request appear to be related to jurisdiction, Plaintiffs add "including to individuals located in Florida." Of course, Plaintiffs know if they had left out the word "including" and truly made the request focused on jurisdiction, the response would have been that no such documents exist. But by using the word "including," Plaintiffs clearly demand that Mr. Eravci, in his individual capacity, produce every single Peachly-related document and communication regarding marketing, despite the additional mention of Florida.

Another egregious example of the breadth of these discovery requests is request number 8, which requests, "Reports, spreadsheets, presentations, materials, memoranda and/or similar documents that contain, provide, or include (a) the My Peachly School Address(es), (b) the Location Information, (c) ID Information, (d) the Peachly Plaid Data, and/or (e) the Verified Account information." Through the strategic use of defined terms and **five** unique subparts, this request realistically asks Mr. Eravci to gather every piece of data in Peachly's files.

In addition to forcing him to gather all such information in a condensed time frame, Plaintiffs would have this Court subject Mr. Eravi to three hours of deposition that will undoubtedly stray as far beyond jurisdictional issues as the written requests.

**IV.     There is No Genuine Dispute That Would Justify Subjecting Defendant Peachly to Discovery.**

The core of Peach.com, LLC and Levinson's request for jurisdictional discovery is their misconstruction of Peachly's online marketing which was not targeted to Florida. Peachly's principal has accurately stated, under penalty of perjury, that Peachly has earned no revenue anywhere and, thus, has earned no revenue in or from Florida. In response, Peach.com, LLC and Levinson have constructed an argument that, stripped of its rhetoric, is essentially that Peachly markets and does business online and, therefore, is subject to jurisdiction in Florida. However, the mere worldwide accessibility of the Defendants'

websites, in the absence of any actual interaction with the State of Florida, will not support a finding of jurisdiction. *Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009). The accessibility of Peachly's websites in Florida is not enough to procure jurisdiction over Peachly. *Volt, LLC v. Volt Lighting Group LLC*, 369 F. Supp. 3d 1241, 1248 (M.D. Fla. 2019).

Peach.com, LLC and Levinson argue that there are inconsistencies between Peachly's proffered evidenced and the statements made by Peachly in its online marketing. Most of the perceived inconsistencies are nothing more than the construct of a skilled lawyer. For example, Peachly admits that it is a live website and that it does have beta testers, none of whom are in Florida. That certain content creators have posted about increasing their own income is in no way inconsistent with the fact that Peachly itself has earned no income. It is entirely misleading to conflate independent users' income with Peachly's lack of income.

Nothing in Peachly's marketing mentions Florida, is directed at Florida, or in any way raises a genuine issue to dispute Peachly's evidence that it has done no business in Florida. To determine whether the exercise of specific jurisdiction affords due process, the Eleventh Circuit applies a three-part test. The first and second parts of that test require that the plaintiff in the case establish that their claims "arise out of or relate to" defendant's contacts with the forum and that the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1311 (11th Cir. 2018).

It is undisputed that Peachly advertises on the internet and that the internet is accessible in Florida, but that does not rise to the level of constitutionally significant contact with Florida—or purposefully availing itself of doing business in Florida. Mr. Eravci has averred under oath that Peachly has no contacts with Florida and has conducted no business there. Peach.com, LLC and Levinson argue that they should be permitted to conduct extensive discovery to go on a fishing expedition to try to disprove that evidence.

They rely heavily on *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729-31 (11th Cir.1982), but in *Eaton*, the question was whether the Court had subject matter jurisdiction, not personal jurisdiction, and other discovery had been ongoing in the case.

As the Middle District of Florida noted, reliance on *Eaton* is misplaced where Plaintiffs did not submit affidavits or any other competent evidence that rebutted the Defendants' affidavits and, thus, there was no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery. *Hinkle v. Cont'l Motors, Inc*., 268 F. Supp. 3d 1312, 1328 (M.D. Fla. 2017).

Peach.com, LLC and Levinson also cite the unpublished decision in *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016), but the *UnitedHealthcare* decision relies on *Eaton* without acknowledging the distinctions noted above. It also relies on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997), in which the Eleventh Circuit recited that discovery burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests; drafting responses to interrogatories; and coordinating responses to production requests; advising the client as to which documents should be disclosed and which ones withheld; and determining whether certain information is privileged. The court remarked approvingly that if the district court dismisses a non-meritorious claim before discovery begins, unnecessary costs to the litigants and to the court system can be avoided. *Id.* at 1367.

In summary, absent some competent evidence that Defendants purposefully directed or availed itself of the Florida forum, there are no grounds to support Plaintiffs' requests for jurisdictional discovery.

### V.   The Scope of Plaintiffs' Proposed Discovery Is Far Beyond Jurisdictional.

Where Courts have permitted jurisdictional discovery (in cases of a genuine dispute on a material jurisdictional fact) the permitted discovery has been ordered to be narrowly tailored. While Peach.com, LLC and Levinson claim that their requested discovery is narrow and focused on jurisdiction, Exhibits B and C to their motion reveal otherwise. (Docs. 16-2 & 16-3).

First, Peach.com, LLC and Levinson's request for not one but two depositions is entirely unnecessary. They seek to conduct six hours of depositions on the sole issue of whether Eravci and/or Peachly.com are subject to jurisdiction in Florida. This request cannot be mistaken for anything other than its true nature—to unnecessarily increase the expenses that Eravci and Peach.com will incur.

Next, Peach.com, LLC and Levinson proffer 19 pages of interrogatories complete with 39 definitions, some of which turn a single word such as "identify" into a mandate to provide six separate pieces of information. These interrogatories start with a request that Defendants describe "in detail" any and all marketing, advertising, and/or promotion activities "in Florida (and/or any such activities that included Florida)…" This, of course, is intended to capture Peachly's marketing efforts anywhere, since any *internet* activity includes the entire country. Plaintiff's Fourth Interrogatory does not pretend to limit itself to Florida connections and instead asks Defendants to "identify" by way of a "detailed chart" all of the geographic locations of seven different categories of individuals. Moreover, Interrogatories 2, 4, 5, 6 and 7 all have numerous subparts, bringing the actual number of interrogatories to more than 20.

Next, Peach.com, LLC and Levinson proffer 17 pages of requests for documents, with 35 definitions. Like the interrogatories, these requests are in no way targeted or focused and, instead, seek every single document Defendants have related to Peachly's marketing efforts, all documents identifying the geographic locations of seven categories of persons, all of its web metrics, and all online posts, comments, and reactions related to

Peachly. These discovery requests are simply excessive and go well beyond Plaintiffs' claimed "limited and focused" jurisdictional discovery.  It should be Plaintiffs' burden to demonstrate the need to take discovery and that the discovery is reasonably limited and focused. Plaintiffs have failed to do so on both accounts.

Accordingly, Defendants respectfully request the Court deny Plaintiffs' Motion for Jurisdictional Discovery and briefing on the Motion to Dismiss should move forward without delay.

Dated:  April 21, 2021                           Respectfully submitted,

                                                **MARK STEIN LAW**

                                                By: /s/Mark E. Stein
                                                Florida Bar No. 818666
                                                2999 N.E. 191st Street, Suite 330
                                                Aventura, Florida 33180
                                                mark@marksteinlaw.com

                                                Maria Crimi Speth, Esq.
                                                  **JABURG WILK**
                                                3200 N. Central Avenue
                                                Suite 2000
                                                Phoenix, Arizona 85012
                                                Admitted Pro Hac Vice

                                                *Counsel for Peachly, LLC and Kerim Eravci*

1:21-cv-20636-DPG

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notice of Electronic Filing Generated by CM/ECF.

By:   /s/Mark E. Stein

## <u>SERVICE LIST</u>

Robert Thornburg
rthornburg@allendyer.com
Stephanie Vazquez
svazquez@allendyer.com
Melissa Dangond
mdangond@allendyer.com
ALLEN, DYER, DOPPELT & GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone: (305) 374-8303
Facsimile: (305) 374-8306
*Counsel for Plaintiffs Peach.com LLC and Levinson Management Group LLC*

11